**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| The Custom Boxes, Inc., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Ohio Security Insurance Co.,* ) <br> ) <br> Defendant. ) | Case No. 23-cv-3436 <br><br> Judge Joan B. Gottschall |

## ORDER

Following jurisdictional discovery, plaintiff The Custom Boxes, Inc. ("Custom Boxes"), renews its motion to remand this insurance dispute to state court, contending that defendant Ohio Security Insurance Company ("Ohio Security") has not carried its burden to show that the $75,000 amount in controversy requirement for federal diversity jurisdiction, 28 U.S.C. § 1332(a), is satisfied. *See* Renewed Mot. to Remand 1–3, ECF No. 34. Custom Boxes brought this case in the Circuit Court of Cook County, Illinois, against Ohio Security, its insurer, seeking repair and replacement costs for a commercial printing press allegedly damaged by a power surge in February 2021. *See* Compl. ¶ 10–11, 36–37, ECF No. 1-1. Custom Boxes also seeks consequential damages it claims it is owed for extended business interruption caused by the press's failure. *Id.* ¶ 37.

The order dated October 13, 2023 ("Oct. 2023 order"), on Custom Boxes' first motion to remand, sets out the factual and procedural history of this case in detail, as well as the rules

---

∗ The complaint's caption lists defendant as "a division of Liberty Mutual Insurance Company." Compl. 1, ECF No. 1-1. The notice of removal states that "Ohio Security is not, as Plaintiff alleges, a division of Liberty Mutual Insurance Company." Notice of Removal ¶ 14, ECF No. 1. The court has omitted the designation "a division of Liberty Mutual Insurance Company" from the caption and text of this order but implies no finding on defendant's relationship, if any, with Liberty Mutual Insurance Company.

guiding the amount in controversy inquiry. *See* Oct. 2023 Order at 1–4, 5, ECF No. 20. Those rules continue to govern. They need not be repeated except to underscore that the court determines "the amount in controversy as of the date on which a case is filed in or removed to federal court." *Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 809 (7th Cir. 2017); other citation omitted).

In the October 2023 order, this court considered three exhibits attached to Ohio Security's response brief. *See* Ex. A–C, ECF No. 15-1. The exhibits consisted of two chains of email messages and a proposed purchase order. *Id.* Based on the "from" email address and signature lines in some messages, there was reason to believe that Amir Bashir, Custom Boxes' Chief Executive Officer, sent them. *See, e.g.*, *id.* Ex. B at 2. The first message, dated October 18, 2021, at 9:13 p.m., purports to be from amir@thecustomboxes.com and is addressed to a claims adjuster. *See id.* Ex. A at 1. The sender estimates that a replacement for the printing press will cost $350,000. *Id.* In the second message, dated January 18, 2022, at 3:20 a.m., the same sender told the same claims adjuster that the cost of repairing the printing press would be approximately $250,000. *Id.* Ex. B at 1. Finally, Custom Boxes attached a $1.025 million proposed purchase order for a printing press listing "The Custom Boxes, Inc." as the buyer. *See id.* Ex. C at 1–3.

This court ruled that the email messages carried Ohio Security's initial evidentiary burden to demonstrate the amount in controversy, "If they are authentic." Oct. 2023 Order at 6 (citation omitted). However, Custom Boxes objected in its reply brief that the email messages had not been properly authenticated and so could not be considered. *See* ECF No. 18 at 1. Because the record was "insufficiently developed for a ruling" the court authorized limited jurisdictional discovery. Oct. 2023 order at 6–7.

Custom Boxes does not renew its authenticity objections following jurisdictional discovery. *See* Renewed Mot. to Remand 1–6, ECF No 34. At his deposition taken during jurisdictional discovery, Bashir testified that he authored both email messages. *See* Bashir Dep. 18–19, 22–23, 35–36, ECF No. 34-2. Bashir's testimony lays the necessary foundation for receiving the messages into evidence, so Custom Boxes' authenticity objections are overruled. *See United States v. Fluker*, 698 F.3d 988, 999 (7th Cir. 2012); Fed. R. Evid. 901(a); Oct. 2023 Order at 6-7.

As the removing defendant, Ohio Security bore "the initial burden of establishing by a preponderance of the evidence facts that suggest the jurisdictional amount has been satisfied." *Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011) (citing *Oshana v. Coca–Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006)). Ohio Security has carried its burden. This court has already ruled that the email messages dated October 18, 2021, and January 18, 2022, "provide sufficient evidentiary support for the good faith estimate of the amount in controversy in the notice of removal." Oct. 2023 Order at 6 (citing *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 815 (7th Cir. 2006), and *Chase v. Shop N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427–28 (7th Cir. 1997)). Custom Boxes does not challenge this ruling in its renewed motion to remand. *See* ECF No. 34.

Since Custom Boxes has carried its initial burden, the court applies the legal certainty test of *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938), under which "jurisdiction will be defeated only if it appears to a legal certainty that the stakes of the lawsuit do not exceed $75,000." *Carroll*, 658 F.3d at 680 (quoting *Back Doctors Ltd. v. Metro. Prop. & Cas. Co., Inc.*, 637 F.3d 827, 830 (7th Cir. 2011)); *see also Sykes v. Cook Inc.*, 72 F.4th 195, 207 (7th Cir. 2023). To satisfy the legal certainty test, Custom Boxes points to portions of Bashir's deposition transcript in which he testified that plaintiff was not seeking to recover more than $75,000 on or after the date it filed its complaint in state court. *See* Bashir Dep. 30–31, 43, 55, ECF No. 34-2; Renewed Mot. to Remand 2–3, ECF No. 34. For example, Bashir affirmed "that as of the date that the complaint was filed in state court in this case, . . . the total amount that

3

Custom Boxes was seeking to recover, and the total amount that it'll ever ask to recover, exclusive of interest and potentially attorneys' fees and things like that, is 75,000 or less." Bashir Dep. 54:5–12.[1]  On cross examination, Ohio Security's lawyer elicited testimony from Bashir to the effect that he may have meant that Custom Boxes was willing to settle the case for less than $75,000, but it was seeking more in damages.  *See* Bashir Dep. 45; *but see Bashir Dep.* 43, 54.

Regardless, a long line of Seventh Circuit cases holds that a plaintiff's "post-removal disclaimer of damages exceeding $75,000 [does] not defeat federal jurisdiction after a proper removal based on the complaint." *Hunt v. DaVita, Inc.*, 680 F.3d 775, 777–78 (7th Cir. 2012) (citing *St. Paul Mercury*, 303 U.S. at 292, and collecting Seventh Circuit cases).  "Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints" in state court.  *Oshana*, 472 F.3d at 512 (ellipsis omitted) (quoting *BEM I, L.L.C. v. Anthropologie, Inc.*, 301 F.3d 548, 552 (7th Cir. 2002)).  Custom Boxes does not argue, and the record does not show, that it filed a stipulation with its state court complaint or at any time prior to removal.  Accordingly, Bashir's post-removal deposition testimony does not defeat diversity jurisdiction.  The court has reviewed Bashir's deposition testimony in its entirety.  *See* ECF No. 34-2.  It does not show to a legal certainty that the stakes do not exceed $75,000.

For the reasons stated, Custom Boxes' renewed motion to remand this case to state court for lack of subject matter jurisdiction is denied.

Date: September 16, 2024                                     /s/ Joan B. Gottschall
                                                            United States District Judge

---

[1]  Custom Boxes observes that Ohio Security's lawyer elicited Bashir's answer by asking him a leading question.  "Ordinarily, the court should allow leading questions on cross examination."  Fed. R. Evid. 611(c)(1) (some numbering and internal punctuation omitted).  Custom Boxes did not object to this leading question at Bashir's deposition, thereby waiving the objection.  *See* Bashir Dep. 54; Fed. R. Evid. 103(a)(1).