**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE CUSTOM BOXES, INC., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 23-cv-03436 |
| | ) |
| OHIO SECURITY INSURANCE COMPANY, | ) |
| A DIVISION OF LIBERTY MUTUAL | ) |
| INSURANCE COMPANY | ) |
| | ) |
| Defendants. | ) |

**OHIO SECURITY INSURANCE COMPANY'S REINSTATED MOTION TO DISMISS**

**I. Introduction**

Ohio Security Insurance Company ("Ohio Security"), by and through its attorneys, move to dismiss the Complaint of The Custom Boxes ("Plaintiff") pursuant to section 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's action is barred by the two-year suit limitation provision in Plaintiff's insurance policy issued by Ohio Security as policy number BKS60590743 with effective dates of November 28, 2020, through November 28, 2021 (the "Policy"). The suit limitation provision requires that any legal action against Ohio Security be brought within 2 years after the date on which the direct physical loss or damage occurred. Plaintiff pled that the damage occurred February 8, 2021. Plaintiff did not file suit until April 14, 2023. Accordingly, Plaintiff's Count I for breach of the insurance policy should be dismissed. Plaintiff's Count II for Unreasonable and Vexatious Denial of Coverage under Section 155 should also be dismissed. Since Plaintiff's breach of contract fails, so does the Section 155 claim.[1]

---

[1] Ohio Security filed this motion to dismiss on June 9, 2023. ECF No. 14. On January 12, 2024, this Court dismissed the motion without prejudice, and gave Defendant leave to reinstate it if the even the Court has jurisdiction. EFC No. 32. Now that Custom's renewed motion to remand has been denied, Ohio Security is renewing its motion to dismiss.

1

### II. The Policy

Ohio Security issued Policy BKS60590743 to Plaintiff with effective dates of November 28, 2020, through November 28, 2021. A copy of the policy is attached to the Complaint. The Policy includes the following relevant provisions:

> **D. Legal Action Against Us**
>
> No one may bring a legal action against us under this Coverage Part unless:
>
> 1. There has been full compliance with all of the terms of this Coverage Part;
> 2. The action is brought within *2 years after the date on which the direct physical loss or damage occurred.* (Emphasis added.)

(Policy, Commercial Property Conditions, Form CP 00 90 07 88, page 1 of 2.)

The Policy also had an Illinois Changes Endorsement that states:

> **B.** The following is added to the **Legal Action Against Us** Condition:
>
> The two year period for legal action against us is extended by the number of days between the date the *proof of loss* is filed with us and the date we deny the claim in whole or in part. (Emphasis added.)[2]

(Policy, Illinois Changes, Form IL 01 18 02 17, page 1 of 2.)

### III. Facts As Pled

Plaintiff has operated a commercial printing business at 9933 Franklin Ave., Franklin Park, Illinois 60131 d/b/a "The Custom Boxes," for the past several years. (Complaint ¶ 8). As a part of this business, Plaintiff utilized a large commercial printing press, specifically a 1999 Mann Roland Druckmaschinen AG Commercial Printing Press, model no. R305 ML 5/0 2/3 with serial number 27910B (the "Press"). (Complaint ¶ 9). The Press was damaged due to a power surge on February 8, 2021. (Complaint ¶¶ 2, 10). As Plaintiff specifically alleges, on "February 8, 2021, a power surge at the Location rendered the Press inoperable and unrepairable." (Complaint ¶ 10).

---

[2] Plaintiff never filed a proof of loss and, therefore, the two year period was never extended.

**IV.** **Plaintiff's Complaint Should be Dismissed Pursuant to Section 12(b)(6) of the Federal Rule of Civil Procedure Because The Policy's Suit Limitation Provision Applies**

Under Section 12(b)(6) Plaintiff should be barred from bringing this action because the Policy dictates that any legal action regarding the Policy be commenced within "2 years after the date on which the direct physical loss or damage occurred." Plaintiff alleges that the date of direct physical loss or damage occurred on February 8, 2021, and Plaintiff filed this action on April 14, 2023, – nearly two years and two months after the date of direct physical loss or damage. Accordingly, Plaintiff's Complaint should be dismissed pursuant to section 12(b)(6) of the Federal Rules of Civil Procedure.

Under Illinois law, it is well-established that suit limitation provisions incorporated into insurance policies are valid and enforceable. *See Cramer v. Insurance Exchange Agency*, 174 Ill. 2d 513, 529 (1996) (enforcing one year suit limit in insurance policy: "Compliance with the suit-limitation provision of the policy is a condition precedent to recovery under the policy"); *Vansickle v. Country Mut. Ins. Co.,* 272 Ill. App. 3d 841, 651 N.E.2d 706 (1995) (concluding carrier's two-year suit limitation provision is valid stating "insurance companies are entitled to reasonably limit their exposure from an insurance contract."); *Hoover v. Country Mut. Ins. Co.,* 2012 Il Ap (1st) 110939, 975 N.E.2d 638 (affirming dismissal of insured suit for breach of contract where insured filed suit beyond the contractual limitation period); *accord Foamcraft, Inc. v. First State Ins. Co.*, 238 Ill. App. 3d 791, 794, 606 N.E.2d 537 (1st Dist. 1992) (affirming dismissal due to suit limitations period… "Compliance with the contractual limitations provision is a condition precedent to recovery under an policy of insurance policy … [a] breach of the one-year limitation provision precludes the insured's recovery under the policy and renders his suit subject to dismissal.")

Due to the Policy plainly incorporating a suit limitation provision and well-established Illinois law recognizing their validity, the suit limitation provision should be given its full legal effect and bar this action. Count I, then, should be dismissed with prejudice.

Count II should also be dismissed. Plaintiff seeks to recover under 215 IlCS 5/155 for Ohio Security's alleged unreasonable and vexatious denial of coverage. A plaintiff can plead a Section 155 bad faith claim only when coverage is owed under the policy. Since the coverage claim is time barred, the Section 155 claim has to be dismissed as well. *Hoover v. Country Mut. Ins. Co.,* 2012 Il Ap (1st) 110939, 975 N.E.2d 638, ¶ 41 (since the breach of contract claim was time barred, and the bad faith claim was dependent on the success of the breach of contract action, the trial court properly dismissed the bad faith count.) *See also Ortiz Eye Associates, P.C. v. Cincinnati Ins. Co.*, 2022 Il App (1st) 211312-U, at ¶37 (June 9, 2022) (affirming the court's obligation to dismiss the bad faith claim because it dismissed the accompanying breach of contract claim); *ABW Development, LLC v. Continental Casualty Co.*, 2022 Il App (1st) 210930, at ¶41 (March 30, 2022) ("[w]here, as here, no coverage is owed under the policy, there can be no finding that the insurer acted [in bad faith] with respect to the claim."). Since the breach of contract count fails, the Section 155 count must also be dismissed.

WHEREFORE, Ohio Security requests that its Motion to Dismiss be granted, judgment be entered in its favor, and for such other relief as the Court shall deem just and proper.

Respectfully submitted,

By: /s/ K. Clark Schirle
K. Clark Schirle, Esq.
*Attorneys for Defendant,*
*Ohio Security Insurance Company*

K. Clark Schirle (ARDC No. 6199270)
Cschirle@butler.legal
Butler Weihmuller Katz Craig LLP
190 South LaSalle Street, Ste. 2675
Chicago, Illinois 60603
(312) 462-9200
(312) 462-0909 (fax)

## **CERTIFICATE OF SERVICE**

   The Undersigned attorney of record certifies that he caused a true and correct copy of the foregoing, Defendant's Reinstated Motion to Dismiss to be filed electronically on September 19, 2024. Notice and a copy of this filling will be served upon all counsel of record by operation of the Court's CM/ECF filing system.

*Counsel for Plaintiff The Custom Boxes, Inc.*

Timothy E. Hoerman, Esq.
Timothy E. Hoerman, Ltd.
323 N. Washington Street
Westmont, IL 60559

                 By: /s/ K. Clark Schirle